# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TYRONE HURT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-527-SRC |
| U.S. CONSTITUTION, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by self-represented plaintiff Tyrone Hurt. Plaintiff has neither paid the filing fee, nor filed an application to proceed in the district court without payment of the filing fee. Instead, plaintiff included a "Motion for Leave to Proceed in Forma Pauperis" within the body of the complaint. The Court has reviewed plaintiff's motion, and will allow plaintiff to proceed without paying the filing fee in this proceeding. Additionally, for the reasons discussed below, the Court will dismiss this action on the basis of improper venue.

### Background

Plaintiff currently resides in the District of Columbia. This action is one of five self-represented civil actions he has initiated *in forma pauperis* in this Court since January 21, 2020.[1] Additionally, review of plaintiff's federal court filings indicate that he has filed numerous cases in district courts across the United States. *See Hurt v. Civil Rights Lawyer*, No. 3:17-cv-39-DJH (W.D. Ky. March 22, 2017) (noting that instant case was "not the first time Hurt has brought in

---

[1] *See Hurt v. Bailey Realtor, Inc. LLC,* 4:20-cv-99-NAB (E.D. Mo. Jan. 21, 2020); *Hurt v. D.C. Board of Parole, et al.,* 4:20-cv-100-PLC (E.D. Mo. Jan. 21, 2020); *Hurt v. American College Dictionary, et al.*, 4:20-cv-101-RLW (E.D. Mo. Jan. 21, 2020); *Hurt v. U.S. Constitution, et al.*, 4:20-cv-525-RLW (E.D. Mo. Apr. 13, 2020).

this Court a disjointed complaint with no connection to this jurisdiction, and, in fact, Hurt has a pattern of doing so in courts across the country"); and *Hurt v. D.C. Board of Parole, et al.*, No. 1:13-cv-5365-LAP (S.D.N.Y. Oct. 11, 2013) (noting that plaintiff has "filed hundreds of lawsuits around the country that [have] been dismissed as frivolous"). Plaintiff's propensity for filing multiple, frivolous lawsuits has subjected him to pre-filing injunctions in numerous federal courts. *See Hurt v. Nat'l Museum of African-American History & Culture*, No. 5:17-cv-97-H (E.D.N.C. May 30, 2017) (collecting cases). He has been barred from proceeding *in forma pauperis* in the United States District Court for the District of Columbia, *Hurt v. United States*, No. 1:19-cv-2785-UNA (D.D.C. Oct. 8, 2019), and barred from proceeding *in forma pauperis* on appeal in the United States Court of Appeals for the District of Columbia Circuit. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 311 (D.C. Cir. 2008) (per curiam).

## The Complaint

Plaintiff brings the instant action against the U.S. Constitution, the American College Dictionary, the United States of America, and the "United States of America et al."

The complaint is mostly illegible. It appears plaintiff asserts that this Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1330-1332, and 42 U.S.C. § 1975. He appears to reference the definitions of "negro" and "white" in the American College Dictionary, but it is unclear why. It is not apparent that he describes any events that occurred within this judicial district.

## Discussion

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. If venue is improper, the Court must either dismiss the action or, if it is in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

Plaintiff has alleged no basis upon which to conclude that venue lies in this Court. Plaintiff resides in the District of Columbia. Moreover, there is no indication that any events or omissions that could be understood to give rise to any claim occurred within this judicial district. In sum, none of the requirements of § 1391 are present in this case, and venue is therefore improper. Accordingly, this Court may either dismiss the action or, if it is in the interest of justice, transfer the case to the district in which it could have been brought. Here, it is not in the interest of justice to transfer this case. Therefore, the Court will dismiss it.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of proper venue. *See* 28 U.S.C. § 1406(a). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of April, 2020.

_SL R. CR_

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE